## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

OSCAR T. AGUIRRE, JR.,
          Appellant,

     v.

DEPARTMENT OF HOMELAND
   SECURITY,
          Agency.

DOCKET NUMBER
DA-0432-18-0127-I-1

DATE: May 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Jeffrey H. Jacobson, Esquire, Tucson, Arizona, for the appellant.

Mary E. Garza, Edinburg, Texas, for the agency.

Grant Gardner, Laredo, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his removal for unacceptable performance. For the reasons discussed below, we GRANT the petition for review, VACATE the initial decision, and REMAND the case to the Dallas Regional Office for further adjudication in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

accordance with this Remand Order and *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency established the elements of its chapter 43 action under the law when the initial decision was issued.</u>

We discern no basis to disturb the administrative judge's conclusion that the agency proved the elements it was required to establish in a chapter 43 action under the law when the initial decision was issued. In his petition for review, the appellant asserts that the administrative judge erred in finding that the agency communicated the performance standards and critical elements of his position to him and that the agency's performance standards were valid. Petition for Review (PFR) File, Tab 7 at 19-22. He also asserts that the administrative judge erred in finding that the agency provided him with a reasonable opportunity to demonstrate acceptable performance. *Id.* at 23-25. These arguments constitute mere disagreement with the administrative judge's well-reasoned findings and do not provide a basis for review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

The appellant also contends that the administrative judge failed to make credibility determinations as to any of the witnesses who testified. PFR File, Tab 7 at 26. Although the administrative judge implicitly determined that agency witnesses whose demeanor she observed testified credibly and the appellant did not, she failed to make any explicit credibility findings under *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). Notwithstanding the administrative judge's failure to cite to *Hillen* in the initial decision, the administrative judge correctly resolved the credibility issues in accordance with *Hillen*. Among other things, she identified the factual questions in dispute, summarized the relevant testimony of witnesses regarding these issues, and explained why she found the appellant's testimony to be unpersuasive. Initial

Appeal File, Tab 41, Initial Decision at 9-10. This decisional process mirrors closely the analytical steps mandated by *Hillen*, which provides that, to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version she believes, and explain in detail why she found the chosen version more credible. *Hillen*, 35 M.S.P.R. 453, 458.

Under these circumstances, nothing compels abandonment of the longstanding deference accorded the findings of an administrative judge when they are based on the observation of the demeanor of witnesses. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (finding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so); *Jackson v. Veterans Administration*, 768 F.2d 1325, 1331 (Fed. Cir. 1985) (finding that deference must be given to an administrative judge's credibility findings that are based on the demeanor of witnesses). The appellant's petition for review does not identify an internal inconsistency or inherent improbability in the fact findings of the administrative judge or other basis sufficient to overcome the special deference that reviewing bodies must necessarily accord the factual determinations of the original trier of fact. *See Jackson*, 768 F.2d at 1331.

Remand is required in light of *Santos*.

Though the appellant has identified no basis for us to disturb the initial decision, we nonetheless must remand the appeal for another reason. During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held in *Santos*, 990 F.3d at 1360-61, that, in addition to the five elements of the agency's case set forth in the initial decision, the agency must also justify the institution of a performance improvement plan (PIP) by proving that the employee's performance was unacceptable prior to the

PIP. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16. We therefore remand this case for further adjudication of the appellant's removal under the standard set forth in *Santos*. *See id.* (remanding the appellant's chapter 43 appeal because the parties did not have an opportunity to address the modified standard set forth in *Santos*).

On remand, the administrative judge shall accept evidence and argument regarding whether the agency proved by substantial evidence that the appellant's pre-PIP performance was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand, the administrative judge may incorporate her prior findings on other elements of the agency's case in the remand initial decision.

## ORDER

For the reasons discussed above, we remand this case to the Dallas Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
                Gina K. Grippando
                Clerk of the Board

Washington, D.C.